Per Curiam.
F.W. appeals the disposition order in his delinquency case, arguing that it does not contain a specific provision that the trial court orally pronounced .during the disposition hearing. We agree that the disposition order must be corrected to reflect the trial court’s pronouncement.
During its oral pronouncement at the disposition hearing, the trial court provided that as a special condition of probation, *691 F.W. would submit to two random drug tests each month but that the testing would terminate after two months if F.W. tested negative. The written disposition order does not contain this qualification. F.W. moved to correct the disposition order but the court did not rule on the matter and thus the motion was deemed denied. See Fla. R. Juv. P. 8.135(b)(2).
While rule 8.115 of the Rules of Juvenile Procedure does not require trial courts to make an oral pronouncement at disposition hearings, when the trial court does make such an oral pronouncement, and the written disposition order conflicts with the oral pronouncement, the matter is to be remanded for the trial court to correct the written disposition order. See C.G.K v. State, 150 So.3d 1203, 1203 (Fla. 4th DCA 2014); W.S.G. v. State, 32 So.3d 725, 726 (Fla. 2d DCA 2010).
The state does not concede error, but it provides that it has no objection to a remand for correction of the disposition order. Based on the foregoing, we affirm the portion of the order withholding an adjudication of delinquency but reverse and remand for correction of the disposition order.

Affirmed in part, reversed in part, and remanded with instructions.

Ciklin, C.J., Damoorgian and Gerber, JJ., concur.