DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**O.H.,** a child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-1284

[April 14, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward L. Artau, Judge; L.T. Case No. 50-2019-CJ-002066-XXXX-MB.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

O.H., a child ("Appellant"), appeals his judgment and conviction for making a written threat to kill or do bodily harm in violation of section 836.10(1), Florida Statutes (2019). Appellant raises three issues on appeal. His primary arguments are that (1) section 836.10(1) is unconstitutionally overbroad and vague as it reaches both innocent behavior and protected speech; and (2) the State failed to present sufficient evidence that Appellant committed the offense described in the statute and, therefore, the trial court erred by not granting his motion for judgment of dismissal. We affirm on these two issues without further comment.

Appellant also argues that the written disposition order must be corrected to accurately reflect what the trial court orally pronounced at the disposition hearing. Specifically, he cites to the following errors in the order: (1) it states that Appellant may earn up to twenty-five hours of credit for "course improvement," but it does not reflect that for each school credit, he would earn five hours of community service; (2) it states Appellant may

complete additional community service hours "to buy out costs," but it does not reflect that it would be at a rate of $10 per hour; and (3) it states that Appellant entered a plea when in fact he went to trial. The State concedes error.

When the trial court makes "an oral pronouncement, and the written disposition order conflicts with the oral pronouncement, the matter is to be remanded for the trial court to correct the written disposition order." *F.W. v. State,* 214 So. 3d 690, 691 (Fla. 4th DCA 2017) (citing *C.G.K. v. State,* 150 So. 3d 1203, 1203 (Fla. 4th DCA 2014)). Accordingly, we remand in order for the trial court to correct the written disposition order to reflect that (1) Appellant went to trial; (2) Appellant will earn five hours of community service hours for each school credit earned; and (3) Appellant may earn additional community service hours to "buy out costs" at a rate of $10 per hour. Appellant does not need to be present for the entry of the corrected order. *See Cataldo v. State,* 257 So. 3d 1092, 1093 (Fla. 4th DCA 2018) (stating appellant did not need to be present for court's entry of corrected order of probation that included three ministerial corrections).

*Affirmed and remanded with instructions.*

WARNER AND MAY, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

2